UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA BEAN,<br><br>    Plaintiff,<br><br>        v.<br><br>NANCY MARTHAKIS, DIANE THEWS, KIMBERLY PFLUGHAUPT, WILKES, RILEY, SHERRI FRITTER, CENTURION HEALTH,<br><br>    Defendants. | CAUSE NO. 3:23-CV-747-HAB-SLC |

OPINION AND ORDER

Joshua Bean, a prisoner without a lawyer, filed a complaint seeking a permanent injunction "to see an outside cardiology specialist <u>and</u> follow all of his/her treatment recommendations including but not limited to diagnostic tests, surgeries, medications, follow-up consultations, dietary needs, and any necessary chronic care. ECF 1 at 15 (emphasis in original). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bean alleges he developed chest pain on July 21, 2022, after he received a second Covid vaccine booster. ECF 1 at ¶ 13. He details numerous interactions with medical staff from then until February 5, 2023.[1] *Id*. at 14-39. He provides no details about what happened since. He merely alleges his "condition has worsened in terms of pain management and other symptoms (e.g. low heart rate, low blood pressure, lightheadedness, dizziness, cold sweats, and what seems to be chronic inflammation of the heart)." ECF 1 at 40. Bean "is not seeking damages in this case – solely injunctive relief . . .." ECF 2-1 at 7. To state a claim for injunctive relief, Bean must plausibly allege he is not currently receiving constitutionally adequate medical treatment. *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) ("Under the PLRA injunctive relief to remedy unconstitutional prison conditions must be 'narrowly drawn,' extend 'no further than necessary' to remedy the constitutional violation, and use the 'least intrusive means' to correct the violation of the federal right."). This complaint does not state a claim because it does not explain what treatment Bean has received for the past six months. Bean makes the conclusory allegation that medical staff "fail to diagnose the plaintiff's condition, prevent its progression, and adequately and properly treat it." ECF 1 at 40. However, "medical professionals are not required to provide 'proper' medical

---

[1] During that time he was given an EKG which was normal. *Id*. at ¶ 14. A blood test showed he had borderline LDL. *Id*. at ¶ 17. He was given a second EKG and does not report it found anything. *Id*. at ¶ 18. He was given a chest x-ray which found "no acute cardiopulmonary abnormality." *Id*. at ¶ 19. He was given a cardiac lab test and the results were normal. *Id*. at ¶ 20. He was given oral prednisone which did not improve his condition. *Id*. at ¶ 24. He was given an echocardiogram which was normal except for a borderline left ventricle hypertrophy. *Id*. at ¶ 31. He was given a low dose statin to lower his borderline LDL cholesterol level. *Id*. at ¶ 33.

treatment to prisoners, but rather they must provide medical treatment that reflects 'professional judgment, practice, or standards.'" *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Bean alleges some medical providers have recommended treatment he is not receiving, but "[e]vidence that some medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim." *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016). "[A] constitutional violation exists only if no minimally competent professional would have so responded under those circumstances. When a plaintiff's claim focuses on a medical professional's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) (citations and quotation marks omitted).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better

3

than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

With his complaint, Bean filed a preliminary injunction motion. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the complaint does not state a claim, Bean has no chance of success on the merits.

Bean also filed a motion asking to be appointed counsel. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Here, Bean's complaint does not state a claim because it lacks facts about what medical treatment Bean has been receiving for the past six months. Those facts are within Bean's personal knowledge. Bean's sixteen-page complaint and eleven-page memorandum in support of his motion for preliminary injunctive relief (both with supporting exhibits) demonstrate he is more than capable of preparing an

4

amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) ("The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Finally, he must resolve his filing fee status either by paying the filing fee or seeking leave to proceed in forma pauperis by filing a **Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16)** with a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 2);

(2) DENIES the motion for counsel (ECF 3);

(3) GRANTS Joshua Bean until **September 12, 2023**, to resolve his filing fee status and file an amended complaint; and

(4) CAUTIONS Joshua Bean if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 9, 2023.

                                                  s/Holly A. Brady  
                                                  CHIEF JUDGE  
                                                  UNITED STATES DISTRICT COURT