UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA BEAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY MARTHAKIS, DIANE THEWS, KIMBERLY PFLUGHAUPT, WILKES, RILEY, SHERRI FRITTER, and CENTURION HEALTH,<br><br>Defendants. | CAUSE NO. 3:23-CV-747-HAB-SLC |

OPINION AND ORDER

Joshua Bean, a prisoner without a lawyer, filed a complaint. ECF 1. It was screened and found to not state a claim. ECF 4. Bean was granted leave to file an amended complaint. *Id*. He was cautioned if he did not, this case would be dismissed under 28 U.S.C. § 1915A because the complaint did not state a claim. *Id*.

Bean responded by filing a motion to voluntarily dismiss this case without prejudice so he can "maintain the option to amend his complaint/file a new complaint" later. ECF 7. Dismissal without prejudice will permit him to file a new case raising these same claims, but it will not permit him to amend the complaint in this case. *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) ("[A]ll that 'dismissal without prejudice' means is that the plaintiff can refile his suit if he corrects the error or other deficiency that caused the suit to be dismissed.").

This case will be dismissed without prejudice, but it may still be counted as a "strike" under 28 U.S.C. § 1915(g) because it is being dismissed because the current complaint does not state a claim. "A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike whether or not it's with prejudice." *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (citation omitted), *see also Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 874 (7th Cir. 2019) (observing that one of the purposes behind the PLRA "was to rein in the flood of prisoner litigation—all too often frivolous or vexatious").

Finally, even though Bean is voluntarily dismissing this case, he must still pay the filing fee as required by 28 U.S.C. § 1915(b) because he was a prisoner when he filed it. Because he is not proceeding in forma pauperis, the filing fee is $402; he has only paid $350 to date.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 7);

(2) DISMISSES this case WITHOUT PREJUDICE under 28 U.S.C. § 1915A because the complaint did not state a claim for which relief could be granted;

(3) ORDERS the plaintiff, **Joshua Bean, IDOC # 143473,** to pay (and the facility having custody to automatically remit) to the clerk 20% of the money received for each calendar month during which $10.00 or more is received, until the remaining $52.00 balance of the filing fee is paid;

(4) DIRECTS the clerk to create a ledger for receipt of these funds;

2

(5) DIRECTS the clerk to send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid; and

(6) DIRECTS the clerk to close this case.

SO ORDERED on September 5, 2023.

s/Holly A. Brady  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT